EXHIBIT C

Declaration of Daniel Volz

I, Daniel Volz, am an adult of sound mind and I possess personal knowledge of the matters described herein.

1. I am employed by the Colorado Bureau Investigation ("CBI") and my title is Deputy Director, Support Services.

2. In my role as Deputy Director, both in my present and previous capacity as Deputy Director of Investigations, and in addition to other duties, I am aware of and involved with CBI's compliance with requests for CBI records, including subpoenas duces tecum ("SDTs") pursuant to Fed. R. Civ. P. Rule 45.

3. I am aware that the plaintiff in *O'Connor v. Mulkey,* 25-CV-01854 matter, D. Colo., has issued to the Colorado Crime Information Center (CCIC) and myself an SDT which would compel the production of the following:

> (a) All documents, records, or other information that identifies all aspects of the CCIC search traffic (including inputs and outputs) initiated by Garfield County Sheriff deputies: David Mulkey, Nathan LaGiglia, Mike Tyler, between 7-30-24 and 8-14-24.

> (b) All documents, records, or other information identifying any/all CCIC search traffic regarding Jennifer O'Connor, Jennifer MarieO'Connor, Jennifer Mare O'Connor, Jennifer Simpson or Jennifer Elizabeth Simpson, by any person, on 7-30-24 and 7-31-24.

> (c) All documents, records, or other information that identifies CCIC communications between any/all Garfield County deputies and any other persons, between 7-30-24 and 7-31-24.

> (d) All documents, records, or other information that was available for return on 7-30-24 through CCIC or related systems concerning the subject: Jennifer O'Connor.

> (e) All DMV information available through CCIC inquiry concerning Jennifer Marie O'Connor, any vehicle

registered to Jennifer O'Connor, any vehicle registered to Jennifer Simpson, and/or plate number GSQ173.

(f) Official or unofficial documents, records, or other objects or information that identify any/all types of search queries that may be performed by CCIC users and the types of information that may be returned, including but not limited to CCIC user guides, instructional guides, help files, training records, or other documents.

(g) Any and all documents or records that identify CCIC training provided to David Mulkey, Nathan LaGiglia, Mike Tyler, or any other peace officer or representative from the Garfield County Sheriff's Office, from 1-1-14 to present.

(h) Documents, records, or other objects or information that identify any/all types of information expected to be returned by CCIC users utilizing queries "QV," "DQ," "QDH," and "QW," "YQ," and "DQ."

(i) Any and all fingerprint information (from AFIS or any other sources) that was available to officers on 7-30-24 who requested (or could have requested) fingerprint information associated with Jennifer O'Connor, Jennifer Marie O'Connor, Jennifer Mare O'Connor, Jennifer Simpson, and/or Jennifer Elizabeth Simpson.

(j) All information returned from a list of CCIC searches (in the form as it would have appeared to those who made the request).

4. CCIC is a criminal justice information system (CJIS) within the meaning of, and subject to the restraints in, 28 CFR, Part 20. BCI is the custodian of CCIC records according to Colorado state statute and the Federal Bureau of Investigation (FBI) has designated CBI as the CJIS Systems Agency (CSA). CBI provides access to these records to law enforcement agencies for public safety purposes and provides limited access to other non-criminal agencies, such as licensing boards, pursuant to statute for uses such as background checks. The permissible use of the CCIC system is constrained by both CBI policy and federal law.

5. Under the umbrella of Support Services, I oversee assistant directors, both of whom manage smaller units within the division. One such subunit is Criminal Justice Information Services (CJIS), which is tasked with the operation of CCIC. Accordingly, CCIC is a subcomponent of CBI, and any subpoena seeking CCIC records seeks CBI records.

6. No individual, from the executive director to an intern, including myself, has access to or ownership of these records in any individual capacity. Uses for and access to CCIC is limited to those described above in Para. 4.

7. Not all of the records sought by the Plaintiff are in CBI's possession – some are in the custody of other agencies (such as DMV documents) and others simply do not exist.

8. With respect to the documents that may exist, their searching, review, and production would require the expenditure of substantial CBI resources. The SDTs purport to require CBI to conduct manual searches for numerous search terms specified in the SDTs' ten subparts. They purport to require the production of law enforcement and criminal justice records, to include information concerning unrelated individuals – victims, witnesses and suspects – from across the country, without geographic limitation. Many of these subparts are unbounded by timeframe while others specify timeframes as long as twelve years. While it is not possible to estimate with precision how long it could take for CBI personnel to comply with these SDTs, this exercise would be expected to require at least 120 manhours.

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on the 29th day of April, 2026

at Lakewood, Colorado.

by: Daniel Volz