## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01854-JLK-KAS

JENNIFER MARIE O'CONNOR,

      Plaintiff,

v.

DAVID MULKEY,
NATHAN LAGIGLIA, and
MIKE TYLER

      Defendants.

---

## ORDER ADOPTING RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

---

Kane, J.

      This matter is before me on the Recommendation of the United States Magistrate Judge (ECF No. 32) issued by U.S. Magistrate Judge Kathryn A. Starnella. Plaintiff Jennifer Marie O'Connor brings two claims against the three Defendants in this case, who are officers of the Garfield County Sheriff's Office. Ms. O'Connor's first claim is brought under 42 U.S.C. § 1983 and alleges that Defendants detained and arrested her in violation of her rights guaranteed by the Fourth Amendment to the U.S. Constitution. *See* Compl. at 11-13, ECF No. 1. Her second claim alleges Defendants deprived her of her rights secured by the Colorado Constitution and seeks relief pursuant to Colorado Revised Statutes § 13-21-131. *Id.* at 13. Defendants David Mulkey and Nathan LaGiglia filed a Motion to Dismiss (ECF No. 14), arguing that Ms. O'Connor's claims should be dismissed because they are entitled to qualified immunity and common law good faith immunity. Defendant Mike Tyler also filed a Motion to Dismiss (ECF No. 16), asserting qualified immunity and common law public official immunity.

1

Magistrate Judge Starnella determined that Ms. O'Connor had sufficiently alleged Defendants Mulkey and LaGiglia had violated her Fourth Amendment right to be free from unreasonable seizure, that the allegations show those Defendants could not have reasonably believed probable cause existed for their arrest of Ms. O'Connor, that Defendants cannot rely on common law good faith immunity to defeat Ms. O'Connor's state law claim, and that the Complaint fails to allege Defendant Tyler personally participated in the events underlying Ms. O'Connor's claims. Recommendation at 11-12, 15, 17, ECF No. 32.[1] The Recommendation therefore concluded that Defendants Mulkey and LaGiglia's Motion to Dismiss (ECF No. 14) should be denied and Defendant Mike Tyler's Motion to Dismiss (ECF No. 16) should be granted. Recommendation at 1, 18. The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation, and that the failure to serve and file such objections waives de novo review of the Recommendation by the District Judge and appellate review of factual and legal questions. Recommendation at 18 (quoting Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985); *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); and *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996)). Despite these advisements, no party filed objections to the Recommendation.

"[T]he district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a [magistrate judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). I analyze Magistrate Judge Starnella's Recommendation under

---

[1] The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b).

the clear error standard. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 rules ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). I conclude that Magistrate Judge Starnella's analysis is precise and thorough, and not clearly erroneous.

Magistrate Judge Starnella accurately considered the pleadings, briefing, and applicable law. Based on my review of those same materials and law, there is no clear error in the Recommendation's analysis of the Motion filed by Defendants Mulkey and LaGiglia and its conclusion that Ms. O'Connor pleaded sufficient facts to state the claims against those Defendants. *See* Recommendation at 7-15. Likewise, the Recommendation's analysis of Defendant Tyler's Motion and conclusion that Ms. O'Connor failed to plead sufficient facts to sustain claims against Defendant Tyler contain no clear error. *See id.* at 16-17.

Accordingly, the Recommendation of the United States Magistrate Judge (ECF No. 32) is ADOPTED in its entirety. Defendant Mulkey and Defendant LaGiglia's Motion to Dismiss (ECF No. 14) is DENIED, and Defendant Tyler's Motion to Dismiss (ECF No. 16) is GRANTED. Ms. O'Connor's claims brought against Defendant Tyler in this case are DISMISSED.

DATED this 12th day of May, 2026.

John L. Kane
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE