**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-01854-JLK

JENNIFER MARIE O'CONNOR,

Plaintiff,

v.

DAVID MULKEY, NATHAN LAGIGLIA, MIKE TYLER in their individual capacities,

Defendants.

---

**MOTION TO QUASH SUBPOENA AND 30(b)(6) DEPOSITION NOTICE, OR ALTERNATIVELY FOR PROTECTIVE ORDER**

---

Through the Garfield County Attorney's Office, Deputy County Attorney Graham Jackson, and County Attorney Heather Beattie, on behalf of the Garfield County Sheriff's Office ("Sheriff's Office"), hereby moves to quash the Rule 30(b)(6) deposition notice and subpoena served by Plaintiff's Counsel on October 9, 2026 (the "Notice") attached as **EXHIBIT 1**, or, alternatively, for a protective order limiting the deposition. In support, the Sheriff's Office states as follows:

**Conferral Certification**

Pursuant to Rule 26(c)(1) and D.C. Colo. L. Civ. R. 7.1(a) undersigned counsel certifies that counsel conferred or attempted in good faith to confer with counsel for Plaintiff to resolve this dispute without court action. Undersigned counsel conferred by phone with Plaintiff's Counsel on October 9th, 2026 to discuss narrowing the scope of the topics and excluding topics redundant of prior discovery and depositions. Undersigned counsel sent a letter with detailed, articulated objections to the topics noticed. That letter is attached to this filing as **EXHIBIT 2**. Plaintiff's

Counsel initially indicated he was willing to narrow at least one of the topics, but ultimately concluded in an October 15, 2026 email to the undersigned that further conferral would not be productive. The parties were unable to resolve the issues through conferral. Undersigned counsel notified Counsel Shiffler by email on October 21, 2026 that due to the impasse and lack of further conferral, Defendants would be filing this motion and offered further phone conferral. The Sheriff's Office presumes Plaintiff is opposed to the relief sought herein.

**Introduction**

The notice and subpoena require the Garfield County Sheriff's Office to designate and prepare one or more representatives to testify on a date to be determined concerning five (5) topics, all of which Defendants object to as written. The topics are objectionable because of their significant overbreadth; duplication of prior disclosures, written discovery, and deposition testimony; and an undue burden required to prepare designees to answer questions on all of the topics.

A Rule 30(b)(6) notice must describe the matters for examination with reasonable particularity. Fed. R. Civ. P. 30. The rule also requires the serving party and the organization to confer in good faith about the matters for examination. Here, the topics noticed do not provide reasonable particularity as they seek any and all records in voluminous categories. The Garfield County Sheriff's Office designees would be required to manually review the discovery already produced and re-conduct the same searches that Defendants and the Sheriff's Office have already conducted to respond to a Subpoena Duces Tecum ("SDT").

The resulting preparation burden is substantial and would compel the Sheriff's Office, who is not a named party in this litigation[1] to devote resources in preparation and conducting of the deposition which would interfere with the administration of the Sheriff's Office. The attached declaration, **EXHIBIT 3**, from Undersheriff Colt Cornelius estimates it would take designees at least eighty (80) to one hundred (100) manhours to review more than 3400 numbered pages of discovery, deposition video and transcripts, written discovery responses and other information to answer questions related to the noticed topics. More than one deponent will be required as the notice contains topics across multiple divisions within the Sheriff's Office.

The requested testimony is also cumulative and duplicative of discovery already in the possession of Plaintiff. In addition to the written discovery detailed above, Plaintiff has already taken the depositions of both Defendant Deputies Mulkey & LaGiglia and had the opportunity, and did, ask them questions related to the topics noticed.

Movant Sheriff's Office therefore requests that the Court quash the Notice and Subpoena. Alternatively, Movant Sheriff's Office requests a protective order limiting the deposition to specifically defined, relevant, nonprivileged matters and setting reasonable conditions for the deposition.

**Statement of Facts**

On October 9th, 2026, the undersigned waived service of a subpoena and notice of a Rule 30(b)(6) deposition scheduling the Sheriff's Office for organizational deposition for a date to be determined, in-person, at Plaintiff's Counsel's office in Denver, Colorado.

---

[1] Plaintiff has alleged no *Monell* or *Respondiat Superior* claims against the Garfield County Sheriff's Office, only claims against the individual deputies.

The notice identifies five (5) matters for examination. The Sheriff's Office objects to these noticed topics as overbroad, duplicative, not particular, and disproportionate as applied to a nonparty organization.

> **Topic #1:** All information known to the County regarding the arrest and incarceration of Jennifer Marie O'Connor on July 30, 2024, and July 31, 2024. This topic includes information about the deputies' investigation and arrest, the jail's booking process, identification verification of Plaintiff, and Plaintiff's release from jail.

The Sheriff's Office objects to this topic and contends it should be limited to specifically identified institutional information that is not already reflected in discovery already produced. Deputies Mulkey & LaGiglia are the two individuals with personal knowledge of the arrest of Plaintiff, were already deposed. The Sheriff's Office has already produced all records in its possession in response to Plaintiff's SDT.

> **Topic #2:** All information known to the County as of July 30, 2024, concerning Jennifer Marie O'Connor and Jennifer Elizabeth Simpson. This topic includes knowledge of each person's date of birth, height, weight, eye color, hair color, tattoos, State Identification Number, arrest/booking history, other identifying information; the available tools, systems, databases, and resources through which the County and its deputies had access to such information; and the history of each person's contacts with the Garfield County Sheriff's Office.

The Sheriff's Office objects to this topic as it is not reasonably particular. The topic has no meaningful subject-matter or temporal limitation on the requested contact history and impermissibly seeks a generalized inventory of information, rather than information actually

accessed by the Sheriff's Office or Deputies Mulkey and LaGiglia or reasonably available to them at the time of Plaintiff's arrest.

> **Topic #3:** All policies, practices, procedures, and guidelines in effect on July 30, 2024, concerning criminal investigations, drafting and submitting warrant affidavits, executing arrest warrants, identity verification, mistaken identity arrests, confidential informants/sources of information, all fingerprint scanners available to the defendants or jail staff, DMV records, CCIC/NCIC records, and all other databases that were relied upon or available to the County and its deputies to verify a person's identity.

The Sheriff's Office objects to this topic as overbroad, not reasonably particular, unduly burdensome, and cumulative of discovery already produced or reasonably available to Plaintiff. The Sheriff's policies and procedures are publicly available at www.garcosheriff.com/policies-procedures/ and many were provided in response to discovery requests and an SDT in this case.

> **Topic #4:** All training provided to Deputies Mulkey and LaGiglia as of July 30, 2024, concerning criminal investigations, drafting and submitting warrant affidavits, executing arrest warrants, identity verification, mistaken identity arrests, confidential informants/sources of information, all fingerprint scanners available to the defendants or jail staff, DMV records, CCIC/NCIC records, and all other databases that were relied upon or available to the County and its deputies to verify a person's identity.

The Sheriff's Office objects to this topic again as overbroad, not reasonably particular, unduly burdensome, and cumulative of discovery already produced. The broad and numerous categories of training would require burdensome reconstruction of all potentially related training without an adequate connection to the incident. Responsive training records have already been

produced in response to the SDT and the Sheriff's Office should not be required to duplicate that production through organizational testimony.

> **Topic #5:** All information regarding the fingerprint scanners used and/or reasonably available to the deputies during the incident with Plaintiff on July 30, 2024, and July 31, 2024, including the mobile fingerprint scanner used during the arrest and the fingerprint scanner used at the jail. This topic requires the designee to have knowledge of the make and model of the specific fingerprint scanners used during the incident, how long the County has used each fingerprint scanner, the purpose of providing mobile fingerprint scanners to deputies, how to operate the fingerprint scanners, the types of information produced by the fingerprint scanners, the source(s) of information produced by the fingerprint scanners, the historical use and reliability of the fingerprint scanners, all outputs the fingerprint scanner can produce and their meaning, the identities of the people that scanned Plaintiff's fingerprints, differences in the capabilities and reliability of each type of fingerprint scanner, and the specific results and outputs of Plaintiff's fingerprint scans.[2]

The Sheriff's Office objects to this topic as substantially overbroad, not reasonably particular, and unduly burdensome. The Sheriff's Office objects that the topic requires information far beyond the claims or defenses in the instant case and would require the Sheriff's Office to prepare a designee to provide expert opinions regarding the technical reliability or performance of the fingerprint devices.

---

[2] Plaintiff's subpoena and notice also demands that the designee must bring to the deposition, "The same or a similar model of mobile fingerprint scanner that was used during the incident with Plaintiff on July 30, 2024."

The Sheriff's Office has already produced thousands of pages of bates numbered responses to the SDT. The information sought by the challenged topics requires the institution of the Sheriff's Office to perform the unduly burdensome task to prepare someone to answer questions regarding the same information already available through discovery. Plaintiff's topics are, almost in their entirety, cumulative of prior discovery or not narrowly tailored to the claims and defenses in this case.

On October 9th, 2026, counsel conferred by phone in good faith concerning the notice. Undersigned counsel requested that Plaintiff narrow and modify topics or remove topics redundant to prior discovery. Although Plaintiff's counsel initially agreed to modify at least one topic, and Undersigned Counsel detailed objections in an October 14th letter, in an October 15th response email, Plaintiff's counsel did not agree to any modifications, declared an impasse and an intent to raise a discovery dispute with the Court. The parties have been unable to resolve disputes about the topics noticed.

**Legal Standard**

Rule 30(b)(6) authorizes a party to name a government entity as a deponent, but the notice must describe the matters for examination with reasonable particularity. Fed. R. Civ. P. 30. The entity must designate one or more persons to testify about information known or reasonably available to it. The frequency or extent of use of the discovery methods otherwise permitted under the rules . . . shall be limited by the court if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2). *Crawford-*

*El v. Britton*, 523 U.S. 574, 599 (1998) Indeed, the 1983 and 1993 Advisory Committee Notes [to rule 26] indicate this sub-section was added "to encourage judges to be more aggressive in identifying and discouraging discovery overuse" and "to enable the court to keep tighter rein on the extent of discovery." *Koch v. Koch Indus*., 203 F.3d 1202, 1238 (10th Cir. 2000)

Upon motion the court may limit the time, place, and manner of discovery, or even bar discovery altogether on certain subjects, as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c). *Crawford-El* at 598. The discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, *speedy, and inexpensive* determination of every action." To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando*, 441 U.S. 153, 177 (1979)

On timely motion, the court for the district where compliance is required must quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45.

**Argument**

**The subpoena and notice does not describe the challenged matters with reasonable particularity.**

Rule 30(b)(6)'s requirement for reasonable particularity is especially important because the Sheriff's Office must identify and prepare representatives to testify about information known or reasonably available to the Sheriff's Office. Topics 2, 3, 4, and 5 all seek all information about broad swaths of subjects without identifying temporal limitations or specific relation to the events in this case. For example, Topic 2 seeks all information, including contact history, regarding two individuals "as of" a date, but with no initiating temporal limitation. The "available tools, databases, and resources" to access "all information known to the County" regarding those two individuals is a far cry from narrow tailoring. Similarly, Topic 4 asks for "all training provided" to Defendant Deputies across at least eleven subjects. The Sheriff's Office maintains a professional standards division which keeps records of trainings attended (records of which have already been disclosed to Plaintiff), but trainings are conducted by many individuals within the Sheriff's Office, outside entities, and even entities outside of the geographical limits specified in Rule 45(c). As written, the Sheriff's Office cannot determine the bounds of the required preparation or identify which representative or representatives should testify.

**The Challenged Topics Impose an Undue and Disproportionate Burden**

Preparing a Rule 30(b)(6) designee (or multiple designees, *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1146 (10th Cir. 2007)) to provide complete and knowledgeable answers to Plaintiff's Topics would require the Sheriff's Office to review thousands of pages of already-produced discovery, interview numerous individuals across the patrol and detentions divisions of the Sheriff's Office, about subjects and occurrences spanning a potentially indefinite period of time prior to July 30, 2024. Information relevant to Plaintiff's Topics is dispersed across numerous departments within the Sheriff's Office including records, professional standards,

detentions, patrol, task force, and administration. See **EXHIBIT 3** *Declaration*. The Sheriff's Office estimates that a minimum of 80-120 hours will be required to prepare a designee, apart from the deposition itself. This would be required of one or more designees who otherwise have duties within the Sheriff's Office that they could not perform while preparing for a deposition. *Id.* This subpoena and deposition would interfere with the public administration of the Garfield County Sheriff. *Id.*

That burden is not justified by the likely benefit of the deposition because much of the information Plaintiff seeks has already been disclosed in discovery. For example, Topic 1 is entirely redundant of everything provided in the discovery process by Defendant Deputies Mulkey and LaGiglia. Plaintiff has already enjoyed the opportunity to depose both Defendant Deputies and ask them questions about the arrest of Plaintiff, how they made the determination of her identity or Jennifer Elizabeth Simpson, the deputies' training, policies and procedures, and fingerprint scanners. Plaintiff already possesses training logs, all arrest and detention records related to Plaintiff, all records related to either Plaintiff or Jennifer Elizabeth Simpson, and policies and procedures of the Sheriff's Office. The opportunity to depose a designee of the Sheriff's Office will be of limited relevance, marginal value, and provide little information not already available to Plaintiff. The Tenth Circuit has affirmed that courts may limit discovery when the burden and expense outweigh the likely benefit and has recognized the judiciary's role in discouraging discovery overuse. *Koch*, *supra.* at 1238.

**The Challenged Topics are Cumulative and Information is Available Through Less Burdensome Sources.**

The court must limit discovery that is unreasonably cumulative or duplicative or that can be obtained from a source that is more convenient, less burdensome, or less expensive according to Rule 26. As described above, all five topics seek information that was already provided to Plaintiff through Defendant Deputies written discovery responses, prior deposition testimony, and records proved by the Sheriff's Office in response to the SDT.

**Topics Seeking Privileged or Protected Information Should be Quashed or Expressly Excluded**

Topic 3 seeks policies, practices, procedures, and guidelines related to "confidential informants/sources of information." To the extent that questions related to that topic may require information that would tend to reveal the identities of confidential informants or sources of information, the Sheriff's Office, separate from Deputies Mulkey & LaGiglia, expressly objects and preserves the governmental informer's privilege pursuant to *Roviaro v. United States*, 353 U.S. 53 at 59–61 (1957), and *In re Search of 1638 E. 2nd Street*, 993 F.2d 773, 774–75 (10th Cir. 1993).

**Alternatively, the Court Should Enter a Protective Order Narrowing and Regulating the Deposition**.

If the Court does not quash the notice, it should enter a protective order that:

1. Limit the Topic 1 matters for examination to the institutional information that is not already reflected in produced discovery.
2. Limit Topic 2 to information actually accessed or reasonably available concerning the arrest of Plaintiff.
3. Limit Topic 3 to policies and procedures in effect on July 30 and 31 that governed the relevant deputies' and jail personnel's identity-verification procedures in

connection with Plaintiff's arrest and booking, and warrant affidavit policies and confidential source practices.

4. Limit Topic 4 to nonprivileged records or institutional testimony regarding training actually provided to Deputies Mulkey and LaGiglia before July 30, 2024, concerning identity verification, mistaken-identity arrests, and use of the particular identification tools or fingerprint scanners relevant to her to the allegations here.
5. Limit Topic 5 to information regarding the specific fingerprint devices used or reasonably available during the arrest and detention of Plaintiff.
6. Limit the deposition to 3 hours of examination;
7. Require the deposition to occur by remote means or in Garfield County, Colorado.
8. Provide that Plaintiff may not require testimony concerning information already supplied through discovery unless she first identifies a specific deficiency in that discovery; and
9. Grant such other limitations as the Court finds appropriate.

These tailored restrictions would permit discovery concerning the claims and defenses in this case without imposing the burden created by the subpoena and notice as written.

For all the aforementioned reasons, the Garfield County Sheriff's Office respectfully requests that the Court quash the Rule 30(b)(6) deposition notice served on October 9th, 2026; alternatively, enter a protective order striking or limiting topics 1 through 5 and imposing the conditions stated above; quash or modify the subpoena to the same extent; and grant such further relief as the court deems just and appropriate.

Respectfully submitted this 22nd day of October, 2026.

Garfield County Attorney's Office

*/s/ Graham L. Jackson*____________
Graham L. Jackson
Assistant County Attorney

*/s/ Heather K. Beattie*____________
Heather K. Beattie
County Attorney
Garfield County Attorney's Office
108 8th Street, Suite 219
Glenwood Springs, CO 81601
Telephone: (970) 945-9150
Fax: (970) 384-5005
E-mail: gjackson@garfieldcountyco.gov
E-mail: hbeattie@garfieldcountyco.gov
*Attorneys for Deps. Mulkey & LaGiglia*

**INDEX OF ATTACHED EXHIBITS**

EXHIBIT 1: Subpoena and Notice of 30(b)(6) Deposition to the Garfield County Sheriff's Office, service waived October 9, 2026

EXHIBIT 2: Conferral Letter from Heather Beattie to Zachary Shiffler, dated October 14, 2026

EXHIBIT 3: Declaration of Undersheriff Colt Cornelius, dated October 22, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22nd, 2026, I filed the foregoing **MOTION TO QUASH SUBPOENA AND 30(b)(6) DEPOSITION NOTICE, OR ALTERNATIVELY, FOR PROTECTIVE ORDER** via CM/ECF which will serve a true and correct copy upon the following:

Edward C. Hopkins Jr.
Civil Rights Litigation Group
1543 Champa Street, Suite 400
Denver, Colorado 80202
T: 720.515.6165
F: 720.465.1975
E: ed@rightslitigation.com
*Attorney for Plaintiff*

Raymond K. Bryant
Civil Rights Litigation Group
1543 Champa Street, Suite 400
Denver, Colorado 80202
T: 720.515.6165
F: 720.465.1975
E: raymond@rightslitigation.com
*Attorney for Plaintiff*

*/s/Danni Veals*
Paralegal