AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

Jennifer Marie O'Connor
*Plaintiff*
v.
David Mulkey, et al.
*Defendant*

Civil Action No. 25-cv-01854-JLK-KAS

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Garfield County Sheriff's Office

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached.

| Place: Civil Rights Litigation Group<br>1543 Champa St. #400<br>Denver, CO 80202 | Date and Time: TBD |
|---|---|

The deposition will be recorded by this method: court reporter, audio, video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/7/26

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

s/ Zachary L. Shiffler
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jennifer Marie O'Connor, who issues or requests this subpoena, are:

Zachary L. Shiffler; 1543 Champa St. #400, Denver, CO 80202; zach@rightslitigation.com; (720) 515-6165

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 25-cv-01854-JLK-KAS

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________________
__________________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________
__________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 25-cv-01854-JLK-KAS

JENNIFER MARIE O'CONNOR,

Plaintiff,

v.

DAVID MULKEY, et al.,

Defendants.

---

**PLAINTIFF'S FED. R. CIV. P. 30(b)(6) TOPICS**

---

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Jennifer Marie O'Connor, through undersigned counsel, pursuant to Fed. R. Civ. P. 30(b)(6) and 45, requests that the Garfield County Sheriff's Office ("the County") produce individuals with institutional knowledge of the following matters for a video-recorded deposition at the offices of the Civil Rights Litigation Group before a shorthand reporter. The deposition will occur at a date and time agreed upon by all parties. The deponents will be deposed one at a time based on their respective topics. The deponents will not be permitted to attend the deposition during questioning related to topics for which they are not designated to testify.

**Topic #1**: All information known to the County regarding the arrest and incarceration of Jennifer Marie O'Connor on July 30, 2024, and July 31, 2024. This topic includes information about the deputies' investigation and arrest, the jail's booking process, identification verification of Plaintiff, and Plaintiff's release from jail.

**Topic #2:** All information known to the County as of July 30, 2024, concerning Jennifer Marie O'Connor and Jennifer Elizabeth Simpson. This topic includes knowledge of each person's date of birth, height, weight, eye color, hair color, tattoos, State Identification Number, arrest/booking history, other identifying information; the available tools, systems, databases, and resources through which the County and its deputies had access to such information; and the history of each person's contacts with the Garfield County Sheriff's Office.

**Topic #3:** All policies, practices, procedures, and guidelines in effect on July 30, 2024, concerning criminal investigations, drafting and submitting warrant affidavits, executing arrest warrants, identity verification, mistaken identity arrests, confidential informants/sources of information, all fingerprint scanners available to the defendants or jail staff, DMV records, CCIC/NCIC records, and all other databases that were relied upon or available to the County and its deputies to verify a person's identity.

**Topic #4:** All training provided to Deputies Mulkey and LaGiglia as of July 30, 2024, concerning criminal investigations, drafting and submitting warrant affidavits, executing arrest warrants, identity verification, mistaken identity arrests, confidential informants/sources of information, all fingerprint scanners available to the defendants or jail staff, DMV records, CCIC/NCIC records, and all other databases that were relied upon or available to the County and its deputies to verify a person's identity.

**Topic #5:** All information regarding the fingerprint scanners used and/or reasonably available to the deputies during the incident with Plaintiff on July 30, 2024, and July 31, 2024, including the mobile fingerprint scanner used during the arrest and the fingerprint scanner used at the jail. This topic requires the designee to have knowledge of the make and model of the specific fingerprint scanners used during the incident, how long the County has used each fingerprint

scanner, the purpose of providing mobile fingerprint scanners to deputies, how to operate the fingerprint scanners, the types of information produced by the fingerprint scanners, the source(s) of information produced by the fingerprint scanners, the historical use and reliability of the fingerprint scanners, all outputs the fingerprint scanner can produce and their meaning, the identities of the people that scanned Plaintiff's fingerprints, differences in the capabilities and reliability of each type of fingerprint scanner, and the specific results and outputs of Plaintiff's fingerprint scans.

**IN ADDITION** to a designee with knowledge indicated above, You, or Your representatives, pursuant to Fed. R. Civ. P. 30(b)(2) and/or Rule 45(a)(1)(D), must also bring with to the deposition (or disclose beforehand):

1) All documents, electronically stored information, writings, and/or materials used to inform, guide, educate, or otherwise assist the designated deponent(s) in referencing and/or testifying about the above-mentioned topics. If such documents or reference material has already been disclosed, identification of any such records by Bates numbers in lieu of production may be made via email up to 48 hours before the deposition.
2) The same or a similar model of mobile fingerprint scanner that was used during the incident with Plaintiff on July 30, 2024.

Respectfully submitted this 7th day of October 2026.

*s/ Zachary L. Shiffler*
Zachary L. Shiffler
Raymond K. Bryant
Civil Rights Litigation Group
1543 Champa St., Ste. #400
Denver, CO 80202

T: 720-515-6165
zach@rightslitigation.com
raymond@rightslitigation.com
*Attorneys for Plaintiff*