Garfield County

**COUNTY ATTORNEY'S OFFICE**
108 8th Street, Suite 219
Glenwood Springs, CO 81601
(970) 945-9150

October 14, 2026

Zach Shiffler, Esq.
Civil Rights Litigation Group
1543 Champa St. #400
Denver, CO 80202

Via email to: zach@rightslitigation.com

Re: *O'Connor v. Mulkey, et al.*, Civil Action No. 25-CV-01854-JLK-KAS — Garfield County Sheriff's Office Rule 30(b)(6) Subpoena and SDT Responses

Dear Mr. Shiffler:

Thank you for discussing the subpoena directed to the Garfield County Sheriff's Office during our call on October 9, 2026. The Sheriff's Office objects to the subpoena as drafted, subject to the following targeted objections and we request to confer in good faith to narrow the topics given that I had not had time to speak with my client prior to our October 9, 2026 conferral. Several of these requests are overbroad, duplicative, not particular, and disproportionate as applied to a nonparty organization.

First, as we discussed on Friday this topic should be limited to specifically identified institutional information that is not reflected in the produced records. Deputies Mulkey and LaGiglia, who are the ones with personal knowledge were already deposed, responded to interrogatories and requests for production of documents. Further, the Sheriff's Office produced records under the Subpoena Duces Tecum issued last fall (GC Bates no. 000169-3400). As framed, "all information" concerning the investigation, arrest, booking, identity verification, and release would require the Sheriff's Office to study the records of multiple deputies and jail personnel, as well as duplicate discovery obtainable from the individual defendants and contemporaneous records. Rule 26 requires the Court to limit discovery that is unreasonably cumulative or duplicative or obtainable from a more convenient and less burdensome source. You stated you were willing to narrow this topic.

Topic 2 is not reasonably particular. It requests all information known as of July 30, 2024, about two individuals, including physical descriptors, identification numbers, arrest and booking history, other identifying information, available databases and resources, and the entire history of each individual's contacts with the Sheriff's Office. The topic has no meaningful subject-matter or temporal limitation on the requested contact history and impermissibly seeks a generalized inventory of information and systems that may have been available, rather than information actually accessed or reasonably available concerning the incident at issue.

Topic 3 is overbroad insofar as it seeks all policies, practices, procedures, guidelines, databases, and resources concerning a wide range of subjects, including criminal investigations, warrant affidavits, confidential sources, fingerprint scanners, DMV records, CCIC/NCIC records, and all other identity-verification databases. The topic should be limited to policies and procedures in effect on July 30 and 31, 2024, that governed the relevant deputies' and jail personnel's identity-verification procedures in connection with Plaintiff's arrest and booking, and warrant affidavit policies and confidential source practices. The Sheriff's Office expressly preserves the informer's privilege and objects to disclosure of the identities of confidential sources or information that would tend to reveal their identities. All of the Sheriff's policies and procedures can be found online at www.garcosheriff.com/policies-procedures/ and many were provided in response to the Subpoena Duces Tecum ("SDT") last year (GC Bates No. 002173-002332).

Topic 4 should be limited to nonprivileged records or institutional testimony regarding training actually provided to Deputies Mulkey and LaGiglia before July 30, 2024, concerning identity verification, mistaken-identity arrests, and use of the particular identification tools or fingerprint scanners relevant to this incident. The current topic broadly seeks all training on numerous subjects and would require a burdensome reconstruction of all potentially related training without an adequate connection to the incident. Also, responsive training records have already been produced (GC Bates No. 000229-000992). The Sheriff's Office should not be required to duplicate that production through organizational testimony.

Topic 5 should be substantially narrowed. Although the Sheriff's Office is willing to discuss testimony regarding the specific fingerprint devices used or reasonably available during the incident, the topic's demand for all information about the devices' historical use, reliability, capabilities, every possible output, and the meaning of every output is not tailored to the claims or defenses in this action. Nor should the Sheriff's Office be required to prepare a designee to provide expert opinions regarding the technical reliability or performance of the fingerprint devices. The demand for a same or similar mobile fingerprint scanner is also improper as presently framed. The subpoena provides no basis for requiring the transportation and production of the mobile fingerprint scanner at a deposition, and the demand does not identify a particular relevant inspection protocol. Once the Sheriff's Office is informed of the relevancy for this physical information, it is willing to discuss how to address Plaintiff's stated need.

Regarding the SDT responses 2, 3 and 6 we have previously advised you that no accessible records were found on Deputy LaGiglia's fingerprint device and that the Sheriff's Office does not possess the DMV-query results at issue because the Mobile Data Terminals ("MDT") do not retain them. Likewise, you have been advised that we do not have possession of, or access to, CCIC or DMV query results that are not retained on the MDT. The Sheriff's Office should not be required to create information, recreate records it does not possess or control, or designate a witness on matters not known or reasonably available to the organization.

The Sheriff's Office does not agree to conduct new CCIC, NCIC, or DMV inquiries for purposes of reconstructing historical query results. A present-day query would not necessarily reproduce the information displayed on July 30, 2024. Moreover, access to these systems is subject to criminal justice information restrictions and the Sheriff's Office's agreement with CBI. The Sheriff's Office does not agree that Plaintiff has established a lawful basis for compelling new database inquiries, particularly where the proposed queries concern two individuals and include inquiries initiated by

personnel outside the Sheriff's Office. We reserve all objections under applicable state and federal law, the governing access agreements, and Rules 26 and 45.

The subpoena identifies the Civil Rights Litigation Group's Denver office as the deposition location. You stated you were willing to modify that location given that the Sheriff's Office operates out of Garfield County. The Sheriff's Office proposes that any deposition occur remotely, in Garfield County, or at another mutually convenient location.

Finally, given the broad topics identified the Sheriff's Office's preliminary estimate is that it will take between 80-100 hours to prepare for this deposition and will take at least two institutional witnesses from different divisions of the Sheriff's Office.

Please identify the discrete institutional information you contend remains unavailable from the existing production, the individual defendants, or other sources. Upon receiving that information, the Sheriff's Office will promptly confer with you regarding revised topics, appropriate confidentiality protections, a mutually acceptable location, and the designation of one or more appropriate representatives. If we cannot reach agreement on appropriately limited topics and conditions for the deposition, the Sheriff's Office reserves the right to move to quash or modify the subpoena under Rule 45.

Sincerely,

Heather K. Beattie

Heather Beattie
Garfield County Attorney