EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| Jennifer Marie O'Connor<br>*Plaintiff*<br>v.<br><br>David Mulkey, et al.<br>*Defendant* | Civil Action No. 25-cv-01854-JLK-KAS |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Garfield County, Colorado

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached letter. Records may be delivered electronically to zach@rightslitigation.com

| Place: | Date and Time: |
|---|---|
| Civil Rights Litigation Group<br>1543 Champa St. #400<br>Denver, CO 80202<br>zach@rightslitigation.com | December 12, 2025 at 5:00 p.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/21/2025

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

Zach Shiffler

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jennifer Marie O'Connor, who issues or requests this subpoena, are:

Zachary L. Shiffler; 1543 Champa St. #400, Denver, CO 80202; zach@rightslitigation.com; (720) 515-6165

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EXHIBIT 1



Civil Action No. 25-cv-01854-JLK-KAS

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________
______________________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

EXHIBIT 1



## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-01854-JLK-KAS

JENNIFER MARIE O'CONNOR,

Plaintiff,

v.

DAVID MULKEY,
NATHAN LAGIGLIA,
MIKE TYLER,

Defendants.

---

**PLAINTIFF'S SUBPOENA DUCES TECUM TO GARFIELD COUNTY**

---

Plaintiff Jennifer O'Connor, by and through her attorneys of the Civil Rights Litigation Group and pursuant to Fed.R.Civ.P. 45, requests production of the following records on or before December 12, 2025:

1. Produce a clear, labeled photograph of all Defendants and witness officers (in police uniform and as close to the date of the Incident as possible) who were involved with the Incident. Responsive documents' labels should clearly identify each individual in each photograph such that a viewer without knowledge of the subjects or their physical characteristics would be able to correctly name the individual whose image they are viewing.

2. Produce all documents pertaining to any investigations that were conducted by any individual, agency and/or entity (whether formal or informal, and whether

conducted by an internal affairs department or otherwise) into the circumstances surrounding the Incident. Responsive documents should include but not be limited to identification of any and all individual(s), agency(ies) and/or entity(ies) involved in conducting such investigations. Your response should also include responsive information concerning investigations that are presently underway but that have not yet been completed.

3. Produce all Documents reflecting any actions, decisions, or communications that have been made concerning the Incident, including but not limited to police reports, witness statements, warrant requests/affidavits, arrest reports, text messages (from private *and* government communication devices), call logs (from private *and* government communication devices), dispatch records (CAD and audio recordings), audio or video recordings, witness interviews/recordings, logs, forms, statements, e-mails, text messages, Facebook/social media messages, transcripts, photographs, summaries, memoranda, notes, notations, and/or writings created by you or anyone else. Your response should include the complete, uninterrupted body-worn camera video for each officer present during the incident.

4. Produce all performance evaluations, training records, and disciplinary records (formal or informal) from each defendant's personnel or internal affairs file, including but not limited to, records relating to: (a) probable cause assessments; (b) identification procedures; (c) use of biometric or fingerprint devices; (d) warrantless arrests; or (e) allegations of untruthfulness, lack of candor, or falsification of records.

5. Produce all photographs of Jennifer Marie O'Connor and Jennifer Elizabeth

Simpson that officers viewed on July 30, 2024.

6. Produce all CCIC, NCIC, and DMV query logs and returns reflecting searches on July 30–31, 2024, for (a) “Jennifer Elizabeth Simpson,” (b) “Jennifer Marie O’Connor,” (c) “Jennifer Marie Simpson,” and (d) Colorado license plate GSQ173, including any printed or on-screen warrant or descriptive information officers viewed.

7. Produce all vendor manuals, quick-reference guides, training bulletins, and written instructions provided to Defendants or their agencies about the specific model of mobile fingerprint scanner used on Ms. O’Connor, including documents explaining how to interpret responses indicating “no record,” “no warrant,” or mismatched identifiers.

8. Produce the **native electronic audit trail** and metadata for the mobile fingerprint device used during the Incident. This production must show: (a) the precise timestamp (to the second) of the scan; (b) the specific user ID logged into the device; (c) the raw data returned by the server (e.g., "No Hit," "Error," or specific identity profile); and (d) the GPS coordinates of the device at the moment of the scan.

9. Produce all jail intake, booking, classification, housing, release, and property records for Ms. O’Connor’s detention at the Garfield County Jail on July 30–31, 2024, including any entries showing the name under which she was booked, charges, identifiers used, medical clearance or screening forms, and release documentation.

10. Produce all fingerprint/AFIS records and associated correspondence from the Garfield County Jail, CBI, or any other agency reflecting fingerprint comparisons of Ms. O’Connor taken on the night of July 30–31, 2024, including any “no match,” “different person,” or similar determinations and the time those results were available.

11. Produce all communications, including emails, letters, or electronic submissions, sent after July 31, 2024, to any court, CBI, NCIC/CCIC administrator, Mesa County authority, or other agency for the purpose of correcting or expunging records that described Ms. O'Connor as "Jennifer Simpson" or associated her with Mesa County case D0392024CR000730.

12. Produce all Documents (including supervisory review) concerning any incident in which any of the defendants were accused of and/or investigated for: (1) unlawful detention, (2) wrongful arrest, (3) malicious prosecution, (4) policy violations, (6) or not being truthful.

13. Produce all Documents that identify the training, Academy, in-service, roll-call, external workshops, seminars, field training, or other education provided to Defendant Mulkey and/or Defendant LaGiglia, regarding: (1) criminal investigations; (2) assessing probable cause; (3) arrest warrants; (4) identifying suspects; (5) exculpatory evidence; and (6) fingerprint scanners. Responsive documents should include all materials used in such training for the ten years preceding July 30, 2024, including, but not limited to, agendas, lesson plans, curricula descriptions, tests/quizzes, handouts, and PowerPoint slides.

14. Produce all written Garfield County policies in effect on July 30, 2024, concerning the following:

a. Criminal investigations;
b. Assessing probable cause;
c. Arrest warrants;
d. Identifying suspects;
e. Exculpatory evidence; and
f. Fingerprint scanners.

EXHIBIT 1

15. Produce the founding Intergovernmental Agreement (IGA), Memorandum of Understanding (MOU), and all current bylaws or operating agreements governing the SPEAR Task Force. Responsive documents should include the specific policy or agreement that dictates which member agency's policies control during a multi-agency operation and which entity is responsible for indemnification of task force officers.

16. Produce all Brady Letters pertaining to Defendants Mulkey, LaGiglia, or Tyler.

17. Produce all police records (including GO reports, CAD reports, body-worn camera, other video recordings, audio recordings, witness statements, IA records, and supervisory reviews) relating to every police contact with Jennifer Elizabeth Simpson prior to July 30, 2024.

18. Produce all police records (including GO reports, CAD reports, body-worn camera, other video recordings, audio recordings, witness statements, IA records, and supervisory reviews) relating to every police contact with Jennifer Marie O'Connor (i.e., Plaintiff) prior to July 30, 2024.

19. Produce all police records (including GO reports, CAD reports, body-worn camera, other video recordings, audio recordings, witness statements, IA records, and supervisory reviews) relating to every police contact with Justin Raulerson from July 30, 2019, to July 30, 2024.

20. Produce all police records (including GO reports, CAD reports, body-worn camera, other video recordings, audio recordings, witness statements, IA records, and supervisory reviews) relating to every police contact at 197 E. Carson Circle, Parachute,

CO 81635, from July 30, 2019, to July 30, 2024.

21. Produce all documents, agreements, ordinances, rules, or guidelines indicating whether and to what extent any person or entity other than the individual defendants may indemnify or pay any settlement or judgment for any defendant in this case.

Respectfully submitted this 21st day of November 2025.

*s/ Zachary L. Shiffler*__
Zachary L. Shiffler
Civil Rights Litigation Group
1543 Champa St., Ste. #400
Denver, CO 80202
T: 720-515-6165
F: 720-465-1975
zach@rightslitigation.com
*Attorney for Plaintiff*