EXHIBIT 4

Garfield County

**COUNTY ATTORNEY'S OFFICE**
108 8th Street, Suite 219
Glenwood Springs, CO 81601
(970) 945-9150

October 14, 2026

Zach Shiffler, Esq.
Civil Rights Litigation Group
1543 Champa St. #400
Denver, CO 80202

Via email to: zach@rightslitigation.com

Re: *O'Connor v. Mulkey, et al.*, Civil Action No. 25-CV-01854-JLK-KAS —Discovery Disputes

Dear Mr. Shiffler:

Thank you for discussing the discovery issues you raised in your October 7, 2026 email during our call on October 9, 2026. As to the RFPs #3-4, and 6[1] that were propounded to Deputies Mulkey and LaGiglia the historical DMV and CCIC query returns displayed on July 30, 2024, were not preserved by the Mobile Data Terminals and have not been located in the records maintained by the Sheriff's Office. Neither deputy possesses copies of those historical returns. Moreover, neither deputy, in his individual capacity, has independent authority to access law enforcement databases to obtain or recreate such records for purposes of this litigation.

Regarding Interrogatory No. 20, we disagree with both your characterization of the statement in the search-warrant affidavit as "misleading" and your assessment of the balancing test. Mulkey has already disclosed the substance of the information provided by the two sources: both reported that Justin Raulerson was actively dealing fentanyl and other drugs in the Battlement Mesa area; both reported that Raulerson was dating a woman from Grand Junction; and one reported that the woman had an outstanding warrant. Mulkey also disclosed that he communicated regularly with both sources and believed them to be reliable. Plaintiff therefore has the information actually supplied by the sources that potentially bears on Mulkey's identification of the woman he observed on July 30, 2024.

The identity of the sources presents a materially different issue. As stated in Mulkey's response to Interrogatory No. 20, both individuals remain active sources for law enforcement, have expressed fear of reprisal if their identities are disclosed, and continue to provide information relevant to ongoing criminal investigations and prosecutions. Disclosure therefore implicates not simply generalized privacy interests, but source safety, ongoing investigations, and law enforcement's ability to obtain information from confidential sources. We also do not agree that an Attorneys' Eyes Only designation eliminates those concerns. Such an order limits dissemination, but it does not restore confidentiality once the identities of active sources have been disclosed outside law

[1] No. 6 was not included in either the Plaintiff's March or June supplementation requests.

enforcement, nor does it eliminate the risks to ongoing investigations or the government's interest in protecting the continued usefulness and safety of those sources.

Additionally, Mulkey is sued in his individual capacity. The confidential sources at issue are sources of the Garfield County Sheriff's Office, and the governmental privilege protecting their identities is not Mulkey's privilege to waive unilaterally. The Sheriff's Office has independent institutional interests in maintaining the confidentiality of its active sources, protecting ongoing investigations, and preserving the safety of individuals who provide information to law enforcement.

Finally, Mulkey's discovery responses and deposition responses already address the language in the affidavit concerning his knowledge of Jennifer Simpson. He acknowledged that he had not personally interacted with Simpson before July 30, 2024, and explained that the reference to prior law-enforcement contacts concerned information obtained through the CI/SOIs rather than personal encounters with Simpson. The parties may disagree about the significance of that language, but that disagreement does not itself establish a need to disclose the identities of the sources—particularly where the substance of what the sources actually told Mulkey has already been disclosed.

Accordingly, Mulkey maintains his objection and declines to disclose the sources' identities absent a court order. If necessary, we will see a protective order under Rule 26(c). I am happy to discuss further if you would like to confer.

Sincerely,

Heather K. Beattie

Heather Beattie
Garfield County Attorney