EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-01854-JLK-KAS

JENNIFER MARIE O'CONNOR

Plaintiff,

v.

DAVID MULKEY,
NATHAN LAGIGLIA,
MIKE TYLER,

Defendants.

---

**DEFENDANT'S VERIFIED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY**

---

To: Jennifer Marie O'Connor, plaintiff
C/o: Zach Shiffler, Esq.
Ed Hopkins, Esq.
Civil Rights Litigation Group
1543 Champa St., Suite 400
Denver, CO 80202

From: David Mulkey, defendant
C/o: Graham Jackson, Esq.
Heather Beattie, Esq.
Garfield County Attorney's Office
108 8th Street, Suite 219
Glenwood Springs, CO 81601

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant David Mulkey ("Defendant") hereby responds to Plaintiff's First Set of Written Discovery to Defendant David Mulkey.

## I. GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

**Interrogatory No. 4**

Identify every time you personally observed or interacted with Jennifer Marie O'Connor prior to July 30, 2024. Your response should identify the date, reason for the observation or interaction, and whether you had previously detained or arrested Ms. O'Connor.

**Response:**

Defendant did not personally observe or interact with Jennifer O'Connor prior to July 30, 2024.

**Interrogatory No. 5**

Identify every time you personally observed or interacted with Jennifer Elizabeth Simpson prior to July 30, 2024. Your response should identify the date, reason for the observation or interaction, and whether you had previously detained or arrested Ms. O'Connor.

**Response:**

Defendant did not personally observe or interact with Jennifer Simpson prior to July 30, 2025.

**Interrogatory No. 6**

For each step you took to identify the woman you detained at 197 E. Carson Circle, describe what information you relied on (e.g., visual recognition, warrant details, CCIC returns, DMV records, mobile fingerprint results), when you obtained each piece of

information and how it affected your belief about whether she was Jennifer Elizabeth Simpson.

**Response:**

Defendant objects to this interrogatory on the grounds that it is vague, uses undefined terms such as "step", and is overbroad and unduly burdensome. Without waiving the objections, Defendant responds that he initially observed Plaintiff outside 197 E. Carson Circle which coincided with information from community sources that Justin Raulerson was dealing narcotics from his residence with his girlfriend from Grand Junction who had a warrant. Defendant ran the license plate of the truck through his mobile data terminal and received a return that the vehicle was registered to Jennifer Simpson. Defendant inquired further of the mobile data terminal for associated records to the vehicle. CCIC returns associated with Jennifer Simpson included a felony warrant out of the Grand Junction Police Department for Larceny. Defendant compared the warrant details to his observation of the female outside 197 E. Carson Circle. Defendant believed the warrant details matched his observations of Plaintiff outside the residence. After she was apprehended, Defendant LaGiglia ran finger prints of the detained individual through a law enforcement database and it returned Jennifer Simpson and Jennifer O'Connor. Defendant compared the booking photo associated with the fingerprint scan to the Plaintiff's visual appearance and believed they matched. Defendant relied on Plaintiff's statements that she used the name "Jennifer Simpson." Defendant relied on DMV records and Plaintiff's confirmation that the vehicle parked outside 197 E. Carson Circle was her vehicle and was registered to Jennifer Simpson. Defendant relied on CCIC/NCIC returns

EXHIBIT 7

that indicated a past charge of Identity Theft that made it questionable to trust Plaintiff's protestations of an alternate name. Defendant and other officers on scene compared biological data and photographs returned by NCIC/CCIC and DMV data and believed the descriptions matched the person they had detained. Defendant and other officers on scene compared biological data in the warrant and believed the descriptions matched the person they had detained.

**Interrogatory No. 7**

Explain in detail what you saw on the mobile fingerprint scanner screen when Ms. O'Connor's fingerprints were scanned (including the name, date of birth, any identification numbers, and any indication of "no record" or "no warrant"), who was present when those results appeared and any discussions you had about what those results meant.

**Response:**

Defendant objects to this interrogatory on the grounds that it is vague and is overbroad and unduly burdensome.

Without waiving the objections, Defendant responds that he did not personally observe the mobile fingerprint scanner. Defendant believes that Deputy Nathan LaGiglia was present when fingerprint results appeared. Defendant discussed the results with Deputy LaGiglia. Defendant believes the results were discussed with Plaintiff and other officers on scene.

**Interrogatory No. 8**

how the facts available to you at the time of the incident established probable cause for each element of the alleged crime. "Crime" refers to an arrestable offense.

**Response:**

Defendant responds that he believed probable cause existed to arrest Plaintiff on the Mesa County warrant. Defendant responds that he additionally believes probable cause existed for a charge of Obstruction based upon Plaintiff's refusal to cooperate and willing resistance after she was informed that she was under arrest and to exit the home. Plaintiff informed officers that Justin Raulerson had called his lawyer and advised that they remain hidden inside which Defendant believes is proof that Plaintiff heard law enforcement present outside the residence and attempting to apprehend her.

**Interrogatory No. 11**

Identify and describe any and all investigations that were conducted by any governmental entity (or any agent, representative, employee or ex-employee, and/or law enforcement member), whether formal or informal, and whether conducted by an internal affairs department or otherwise into the circumstances surrounding the incident with Ms. O'Connor. Your response should include:

A. Identification of any and all individuals involved in conducting such investigations;
B. The date(s) and the manner in which the investigations were conducted;
C. Any and all persons contacted or interviewed pertaining to such investigation;
D. All statements provided in connection with such investigations,
E. The result and/or findings of such investigations; and

F. The actions taken in response to such investigations.

**Response:**

Defendant responds that outside of the investigation on-scene, no other Garfield County Sheriff investigation into the circumstances surrounding the incident with Plaintiff took place. Defendant is without knowledge or information of any other governmental entity investigation.

**Interrogatory No. 12**

Identify every database or source of information (e.g., dispatch, fingerprint scanner, etc.) available to you during the incident which may provide any of the following information about a person: (1) full name, (2) date of birth, (3) address, (4) height, (5) weight, (6) eye color, (7) hair color, (8) tattoos, (9) driver's license number, (10) DMV photos, (11) booking photos, and (12) social security number. Your response should identify each database or source of information and all the corresponding information that may be provided to officers from such database or source of information.

**Response:**

Defendant objects to this interrogatory on the grounds that it is overbroad and unduly burdensome.

Without waiving those objections, Defendant responds and identifies Garfield County Emergency Communications Dispatch, a Mobile Fingerprint Scanner, Tyler Technologies New World Application, and Tyler Technologies Mobile Application as sources of information available to him to provide the identified information about a person.

Defendant identifies that Tyler Technologies platforms and Dispatch may interface with Colorado Department of Motor Vehicles records, Colorado Crime Information Center, and the National Crime Information Center. Defendant identifies the Tyler Technologies New World Law Enforcement Records Management System (LERMS) application as an additional source of information but did not query LERMS as it is primarily used for case reports and would provide the same information that can be found in the Tyler Technologies Mobile application, but without the ability to view any CCIC/NCIC or DMV information. Defendant is unaware of all of the specific corresponding information which may or may not be stored in each identified database.

**Interrogatory No. 13**

Identify every CCIC, NCIC, DMV, or other database search you requested or ran on July 30–31, 2024, regarding (a) Jennifer Elizabeth Simpson, (b) Jennifer Marie O'Connor, (c) "Jennifer Simpson" without a middle name, or (d) license plate GSQ173, and for each search state the date and time, the exact query used, the key results returned, and who besides you was informed of those results.

**Response:**

Defendant objects to this interrogatory on the grounds that it is overbroad and unduly burdensome.

Without waiving those objections, Defendant responds that July 30, 2024 a last name of "simpson" was queried through NCIC/CCIC at 08:24:17 PM and the license plate GSQ173 was queried at 08:24:29 PM through NCIC/CCIC. It returned associations with Jennifer

EXHIBIT 7

Simpson and a date of birth of 06/13/1976 as well as a warrant from Mesa County. Defendant responds that other queries may have been made through mobile data terminals or dispatch by others on scene but is unaware of exact dates and times, search queries, or return results. Defendant responds that results were generally discussed with other officers on scene, but cannot identify exactly who was informed.

**Interrogatory No. 14**

Describe all steps you or your agency took after Ms. O'Connor's release to correct, amend, or expunge any law-enforcement or court records reflecting that she was "Jennifer Simpson" or that she had been arrested on Mesa County case D0392024CR000730, including communications with any external agencies.

**Response:**

Defendant responds that when he learned that the Garfield County Jail staff had determined the mistaken identity and released Plaintiff, he contacted the Colorado 9th Judicial District Attorney's Office to inform them that the wrong person had been arrested. Defendant is personally unaware of the actions of the rest of the Garfield County Sheriff's Office, but understands that a fingerprint correction or mistaken identity notification may have been made to the Colorado Bureau of Investigation.

**Interrogatory No. 15**

Describe all communications you have had since July 30, 2024, with prosecutors, judges, or other criminal-justice officials about Ms. O'Connor's arrest, including any expressions of

into Sheriff's Office records under the incident. All photographs of either individual in the possession of the Garfield County Sheriff's Office have been produced at Bates No. 1857 and 1862-1889

**RFP No. 7.** Produce all vendor manuals, quick-reference guides, training bulletins, and written instructions provided to you about the specific model of mobile fingerprint scanner used on Ms. O'Connor, including documents explaining how to interpret responses indicating "no record," "no warrant," or mismatched identifiers.

**Response:** Garfield County Defendants collectively produce Bates Nos. GC883-886

**RFP. No. 8.** Produce all communications, including emails, letters, or electronic submissions, sent after July 31, 2024, to any court, CBI, NCIC/CCIC administrator, Mesa County authority, or other agency for the purpose of correcting or expunging records that described Ms. O'Connor as "Jennifer Simpson" or associated her with Mesa County case D0392024CR000730.

**Response:** Garfield County Defendants collectively produce Bates Nos. GC887-920

**RFP No. 9.** Produce all Documents (including supervisory review) concerning any incident in which you were accused of and/or investigated for: (1) unlawful detention, (2) wrongful arrest, (3) malicious prosecution, (4) policy violations, (6) or not being truthful.

**Response:**

EXHIBIT 7

**Response:** Defendant Admits, see Interrogatory No. 4.

**RFA No. 2:** Admit that you had not arrested Jennifer Marie O'Connor prior to July 30, 2024.

**Response:** Defendant admits, see Interrogatory No. 4.

**RFA No. 3:** Admit that, prior to Ms. O'Connor being transported to jail, you reviewed records indicating that Jennifer Elizabeth Simpson's height is five feet and eleven inches.

**Response:** Defendant denies.

**RFA No. 4:** Admit that, prior to Ms. O'Connor being transported to jail, you reviewed records indicating that Jennifer Elizabeth Simpson's eyes are blue.

**Response:** Defendant admits.

**RFA No. 5:** Admit that, at the arrest scene on July 30, 2024, the mobile fingerprint scanner displayed the name "Jennifer O'Connor" (or "Jennifer Connor").

**Response:** Defendant admits, see Interrogatory No. 7.

**RFA No. 6:** Admit that, at the arrest scene on July 30, 2024, the mobile fingerprint scanner displayed a date of birth of June 23, 1977.

**Response:** Defendant admits, see Interrogatory No 7.

EXHIBIT 7

**Response:** Defendant admits this is a case of mistaken identity.

Dated this 19th day of December, 2025

AS TO FORM, OBJECTIONS AND STATEMENT REGARDING DEFENDANT'S PRODUCTION OF DOCUMENTS

Heather K. Beattie, Esq.
Graham L. Jackson, Esq.
Attorneys for Plaintiffs
Garfield County Attorney's Office
108 8th Street, Suite 219
Glenwood Springs, CO 81601
(970) 945-9150
hbeattie@garfieldcountyco.gov
gjackson@garfieldcountyco.gov

EXHIBIT 7

**VERIFICATION OF DEPUTY DAVID MULKEY OF THE GARFIELD COUNTY SHERIFF'S DEPARTMENT**

I, Deputy David Mulkey state and verify that the foregoing **DEFENDANT'S VERIFIED RESPONSES TO PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY** have been prepared, with the assistance and advice of counsel, through consultation with Garfield County employees who have knowledge or information regarding the matters raised in Plaintiff's discovery requests and in this lawsuit; in reliance upon the information so obtained; and that the responses set forth herein are based upon, and therefore necessarily limited by, the records and information still in existence, presently recollected, and/or thus far discovered in the course of the preparation of these responses.

Defendant Deputy David Mulkey reserves the right to make any changes to the responses if it appears at any time that omissions or errors have been made herein or that more accurate information is available. Subject to the limitations set forth herein, these said responses are true to the best of my knowledge, information and belief.

[signature]
Deputy David Mulkey

STATE OF COLORADO )
) ss.
COUNTY OF Garfield )

SUBSCRIBED AND SWORN to before me this 19th day of December, 2025, in the County of Garfield, State of Colorado, by the above said Deputy David Mulkey.

WITNESS my hand and official seal.

My commission expires: 08/11/2027

MELISSA BURROWS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20234030849
MY COMMISSION EXPIRES 08/11/2027

Melissa Burrows
Notary Public