EXHIBIT 8

PIKE REPORTING COMPANY

# CIVIL ACTION NO. 1:25-cv-01854-JLK-KAS

# JENNIFER MARIE O'CONNOR

# vs

# DAVID MULKEY, ET AL.

# DEPOSITION OF:

# DEPUTY NATHAN LAGIGLIA

# DATE:

# April 08, 2026

PIKE REPORTING COMPANY
YOUR PATH THROUGH LITIGATION

(855) 693-3767 | (720) 738-1300

schedule@yournextdepo.com

www.pikereporting.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

JENNIFER MARIE O'CONNOR,

Plaintiff,

vs. Civil Action No. 1:25-cv-01854-JLK-KAS

DAVID MULKEY,

NATHAN LAGIGLIA,

MIKE TYLER,

Defendants.

DEPOSITION OF

DEPUTY NATHAN LAGIGLIA

APRIL 8TH, 2026

10:00 a.m. MT

Remote Proceeding

Nakiya Combs, 20254015882

APPEARANCES OF COUNSEL

On behalf of the Plaintiff, JENNIFER MARIE O'CONNOR:

EDWARD C. HOPKINS JR., ESQ.
RAYMOND BRYANT, ESQ.
CIVIL RIGHTS LITIGATION GROUP
1543 Champa Street
Suite 400
Denver, Colorado 80202
Ed@rightslitigation.com
Raymond@rightslitigation.com
APPEARED VIA VIDEOCONFERENCE

APPEARANCES OF COUNSEL (CONTINUED)

On behalf of the Defendants, DAVID MULKEY, NATHAN LAGIGLIA:

GRAHAM L. JACKSON, ESQ.
HEATHER K. BEATTIE, ESQ.
GARFIELD COUNTY ATTORNEY'S OFFICE
108 8th Street
Suite 219
Glenwood Springs, Colorado 81601
gjackson@garfieldcountyco.gov
hbeattie@garfieldcountyco.gov
APPEARED VIA VIDEOCONFERENCE

On behalf of the Defendant, MIKE TYLER:

PETER H. DOHERTY, ESQ.
LASATER & MARTIN, P.C.
5251 DTC Parkway
Suite 800
Greenwood Village, Colorado 80111
peter@lasaterandmartin.com
APPEARED VIA VIDEOCONFERENCE

APPEARANCES OF COUNSEL (CONTINUED)

Also present:

Mike Tyler, Defendant

INDEX OF EXAMINATION

WITNESS: DEPUTY NATHAN LAGIGLIA

| EXAMINATION | PAGE |
|---|---|
| Direct Examination by Mr. Hopkins | 10 |

INDEX TO EXHIBITS

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Search Warrant Affidavit (GC 9-12) | 28 |
| 2 | Copy of TFO Mulkey's Report (GC03-05) | 128 |
| 3 | Photographs from Scene (GC 125-129) | 25 |
| 4 | Mesa County Arrest Warrant for Jennifer Elizabeth Simpson (GC 97) | 19 |
| 5 | CCIC Warrant Confirmation (GC 24-36) | 205 |
| 6 | CAD Call Log (GC 3199) | 199 |
| 7 | LaGiglia's Report (GC 16-18) | 17 |
| 8 | CBI Query Log (GC 3401-3403) | 167 |
| 9 | Booking Photo (O'Connor 106) | 215 |
| 10 | Identity Comparison Chart | 67 |
| 11 | Memorandum (GC3203-3204) | 259 |
| 12 | Performance Appraisal 2023-2024 (GC3193-3196) | 259 |
| 13 | Graham Affidavit (GC 6-8) | 98 |

INDEX TO EXHIBITS (CONTINUED)


| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 14 | GCSO Mobile Fingerprint Scanner Policy (GC 883-884) | 151 |
| 15 | Mesa County Jail Records - Jennifer Marie Simpson (GC 98-124) | 219 |
| 16 | Garfield County Jail Records - Redacted (GC 56-96) | 237 |
| 17 | CBI Mistaken Identity Letter (OCONNOR 95-97) | 249 |
| 18 | LaGiglia Performance Appraisal (GC 181-184) | 252 |

The VIDEO deposition of DEPUTY NATHAN LAGIGLIA was taken at PIKE REPORTING COMPANY, 410 17TH STREET, SUITE 1350, DENVER, COLORADO 80202, via videoconference in which all participants attended remotely, on WEDNESDAY, APRIL 8TH, 2026, commencing at 10:00 a.m. (CT); said deposition was taken pursuant to the UNITED STATES DISTRICT Rules of Civil Procedure. This notarial act involved the use of communication technology pursuant to 8CCR 1505-11.

It is agreed that NAKIYA COMBS, being a Notary Public and Court Reporter for the State of COLORADO, may swear the witness and that the reading and signing of the completed transcript by the witness is not waived.

THE REPORTER: My name is Nakiya Combs. I am the online video technician and court reporter today representing Pike Reporting Company, located at 410 17th Street, Suite 1350, in Denver, Colorado. Today is the 8th day of April, 2026, and the current time is 10:00 a.m. We are convened by videoconference to take the deposition of Nathan LaGlina [sic].

DEPUTY LAGIGLIA: LaGiglia.

THE REPORTER: LaGiglia. Thank you. In the matter of Jennifer Marie O'Connor, Plaintiff v. David Mulkey, Nathan LaGiglia, Mike Tyler, Defendants, pending in the United States District Court for the District of Colorado, civil action 1:25-cv-01854-JLK-KAS. Will everyone but the witness please state your appearance, how you are attending, and the location you are attending from, starting with plaintiff's counsel.

MR. HOPKINS: This is Edward C. Hopkins, Jr., Plaintiff's counsel. I'm attending in Denver, Colorado, via Zoom.

MS. BEATTIE: This is Heather Beattie. I am an attorney for Deputy -- La -- La -- You know you're going to have to pronounce it for me, too --

DEPUTY LAGIGLIA: -- LaGiglia.

MS. BEATTIE: LaGiglia. Sorry, LaGiglia. And

I am in Glenwood Springs, Colorado, attending via Zoom.

MR. DOHERTY: Hello. This is Peter Doherty. I represent Mike Tyler in this case. I'm attending by Zoom from Westminster, Colorado. And also with us is my client, Mike Tyler, who is also attending by Zoom from Rifle, Colorado.

MR. JACKSON: You also have Graham Jackson. I can't get my video to work on this computer, but I am attending virtually via Zoom from Glenwood Springs, Colorado. And I represent Deputy LaGiglia and Mulkey.

THE REPORTER: Thank you. And, Mr. LaGiglia, will you please state your name for the record and hold your ID up to the camera?

DEPUTY LAGIGLIA: First name is Nathan, last of LaGiglia.

THE REPORTER: Do you want to bring it just a little bit closer? Perfect. Thank you. You can put that down. And do all parties agree that the witness is, in fact, Nathan LaGiglia?

MR. HOPKINS: Yes.

MR. DOHERTY: Yes.

MS. BEATTIE: Yeah.

THE REPORTER: Thank you. And Mr. LaGiglia,

will you please raise your right hand? Do you solemnly swear or affirm that the testimony you're about to give will be the truth, the whole truth, and nothing but the truth?

THE WITNESS: Yes, I do.

THE REPORTER: Thank you. Counsel, you may begin.

DIRECT EXAMINATION

BY MR. HOPKINS:

**Q. Deputy LaGiglia, good morning. I am just going to spend a few minutes discussing some of the ground rules for the deposition. If you need to take a break, just let me know. Please answer the pending question before you take the break. If you hear your attorneys object, please listen to what they instruct you to do. Unless they tell you not to answer the question, please answer the question --**

THE WITNESS: -- Yes sir.

**Q. -- Do you have any questions for me before we get started?**

A. No, sir.

**Q. Okay. What is your current rank and assignment?**

A. I am a deputy 2 assigned as a task force officer to the SPEAR task force.

**Q. Okay. Before you used the fingerprint scanner and after you put her in the back of the car, what happened?**

A. I -- that -- I -- I don't know what you're asking. I've -- I've told you that that was the -- the statements that we've talked about, the -- the lawyer, "Don't come out of the house," the -- that's what happened in that time period. I guess I'm -- I'm not understanding what you're looking for, sir.

**Q. I understand. She's in your car. You haven't run the fingerprint scanner yet. Before you run the fingerprint scanner and after she's in your car, what happened?**

MS. BEATTIE: Objection. Objection to the form of the question. It's repetitive.

BY MR. HOPKINS:

**Q. Let me try to -- let me try to explain the timeline. You've put her in your car, and you haven't run the fingerprint scanner yet. Between the time you put her in your car and the time you run the fingerprint scanner, what happened?**

A. We -- I closed the -- I closed the door, sir, and I -- I went and obtained the fingerprint scanner. I think mine initially died and I had to go get a secondary one.

**Q. You said your fingerprint scanner died. What does that mean?**

A. Like, the battery was out.

**Q. Where did you get a secondary fingerprint scanner?**

A. I don't remember who provided it for me, sir. The sheriff's office does provide multiple of the deputies. I think everybody gets one, or at least at one point, everybody had one. I don't know if that's still how it is.

**Q. Did you get the fingerprint scanner from someone else on the SPEAR task force that night?**

A. I asked for one. I think I did, yeah. Because mine -- mine died and I had to obtain it from somebody else. And then I -- I -- I brought it around to my computer and hooked it up.

**Q. You don't remember who gave you the fingerprint scanner?**

A. No, sir. No, sir. I'm sorry. I -- I -- I don't remember whose it was.

**Q. Was it TFO Mulkey's?**

A. It could have been, sir.

**Q. Who else's could it have been?**

A. Like I said, I -- I believe that it was -- everybody had one. So it -- it could have been TFO