**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-01854-JLK-KAS

JENNIFER MARIE O'CONNOR,

Plaintiff,

v.

DAVID MULKEY, and
NATHAN LAGIGLIA,

Defendants.

---

**UNOPPOSED MOTION TO AMEND THE SCHEDULING ORDER**

---

Plaintiff, by and through undersigned counsel, submits this Unopposed Motion to Amend the Scheduling Order, and states as follows:

**CERTIFICATE OF CONFERRAL**

Plaintiff conferred with Defendants on this Motion. Defendants do not oppose the requested extension.

**INTRODUCTION**

Plaintiff asks the Court to extend the November 10, 2026, discovery cutoff to 60 days after the Court resolves the discovery matters now pending, and to extend the December 11, 2026, dispositive motion deadline to 30 days after the new cutoff. Four discovery matters are unresolved. Plaintiff's objection to the order quashing her subpoenas to the Colorado Bureau of Investigation has been fully briefed since July 21, 2026, and awaits decision. Doc. 44; Doc. 48. The Garfield County Sheriff's Office moved

on October 22, 2026, to quash Plaintiff's Rule 30(b)(6) subpoena, a deposition the Scheduling Order has contemplated since November 2025. Doc. 52; Doc. 29 at 11. Plaintiff moved separately to compel the Sheriff's Office to comply with the subpoena duces tecum she served in November 2025. Doc. 54. Plaintiff also raised a discovery dispute with Defendants over the database returns, fingerprint results, and source identities they have withheld. A discovery hearing is scheduled for December 3, 2026. Doc. 58. None of these matters is likely to be decided before November 10, and the deposition and the document production they concern cannot occur until they are.

## STATEMENT OF FACTS

The Scheduling Order entered November 10, 2025, set discovery to close July 10, 2026, and dispositive motions for August 10, 2026. Doc. 29 at 10. The parties' list of anticipated deponents included "30(b)(6) Garfield County." Doc. 29 at 11. Defendants' counsel, the Garfield County Attorney's Office, approved that order. Doc. 29 at 14.

On November 21, 2025, Plaintiff served written discovery on each Defendant and issued Rule 45 subpoenas duces tecum to Garfield County and the City of Rifle. Defendants responded on December 19, 2025. The Sheriff's Office produced records in response to the subpoena and reissued the production in March 2026 after transmission problems with the first. On March 4, 2026, Plaintiff's counsel identified the gaps in that production, including the absence of the mobile fingerprint scanner's results and audit trail and the absence of the DMV and CCIC query returns the deputies viewed before arresting Plaintiff. On March 11, 2026, the County Attorney's Office replied that no records were accessible on the scanner and that the mobile data terminals do not retain query

returns. Plaintiff deposed Defendant Mulkey on March 17, 2026, and Defendant LaGiglia on April 8, 2026.

In April 2026, Plaintiff subpoenaed the records from the Colorado Bureau of Investigation, which operates the database the deputies queried. CBI moved to quash on May 1, 2026. Doc. 33. On May 5, 2026, Plaintiff moved without opposition to extend the schedule, explaining that the CBI dispute was set for hearing and that Plaintiff intended to depose then-Defendant Mike Tyler, who was dismissed a week later, and to take the Rule 30(b)(6) deposition of Garfield County. Doc. 36 at 1–2; Doc. 40. The Court granted the motion and moved the discovery cutoff to November 10, 2026, and the dispositive motion deadline to December 11, 2026. Doc. 38.

The Court heard CBI's motion on June 10, 2026, and granted it on Eleventh Amendment grounds. Doc. 43. At that hearing, Plaintiff's counsel asked the Court to address the same records as held by Garfield County and the Defendants. Doc. 44-1 at 23:23–24:10. Defendants' counsel objected that the Magistrate Judge's discovery dispute procedures "have not been followed" and asked the Court not to rule on those issues "until those procedures are followed." Doc. 44-1 at 25:16–24. Plaintiff objected to the order on June 24, 2026 (Doc. 44), and the objection remains pending before Judge Kane.

Plaintiff served a second set of written discovery on Defendant Mulkey in May 2026. He responded on July 2, 2026, and refused to identify the two confidential sources whose information he used to identify the woman he arrested as Jennifer Simpson. On September 30, 2026, Defendants moved without opposition to extend the rebuttal expert deadline by one week. Doc. 49. The Court granted that motion. Doc. 51.

On October 7, 2026, Plaintiff issued a Rule 30(b)(6) subpoena and notice to the Sheriff's Office. Counsel waived service on October 9, 2026, and the parties conferred by telephone that day. On October 14, 2026, the County Attorney's Office sent two letters. The first objected to every deposition topic. Doc. 52-2. The second refused to supplement the subpoena duces tecum responses and maintained Defendant Mulkey's refusal to identify his sources. Plaintiff's counsel declared an impasse on October 15, 2026. On October 22, 2026, the Sheriff's Office moved to quash the Rule 30(b)(6) subpoena or for a protective order. Doc. 52. Plaintiff filed his response on November 2, 2026. Doc. 53.

Plaintiff moved separately to compel the Sheriff's Office to comply with the November 2025 subpoena duces tecum (Doc. 54) and presented her dispute over Defendants' responses under this Court's Practice Standards. A discovery hearing is scheduled for December 3, 2026. Doc. 58. The Scheduling Order has been amended twice, once on Plaintiff's unopposed motion and once on Defendants' unopposed motion. Doc. 38; Doc. 51. No trial date or final pretrial conference has been set.

## ARGUMENT

### I. PLAINTIFF HAS SHOWN GOOD CAUSE BECAUSE THE REMAINING DISCOVERY CANNOT BE COMPLETED BY NOVEMBER 10 DESPITE HER DILIGENCE.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). That standard "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quotation omitted).

Plaintiff has been diligent. She served her written discovery and her subpoena to the Sheriff's Office in the first weeks after the Scheduling Order entered. She identified the deficiencies in the County's production in March and deposed Defendants Mulkey and LaGiglia before April ended. When the County said it did not hold the database returns, she subpoenaed the agency that does. When that agency moved to quash, she sought and obtained an extension that named this very deposition as a reason. Doc. 36 at 2; Doc. 38. When the Court granted the motion to quash, she objected within the 14 days Rule 72(a) allows and completed the briefing within four weeks. She issued the Rule 30(b)(6) subpoena more than a month before the cutoff and conferred with County counsel the day service was waived. The remaining discovery is unfinished because each route to the records has been contested: CBI moved to quash, the Sheriff's Office moved to quash, and the Defendants have refused to supplement.

No trial date is set, and no final pretrial conference has been scheduled. The records at issue are held by their employer and by CBI, both of which share Defendants' counsel or have cooperated with it. The expert disclosure deadlines have passed. The extension would delay dispositive motions by the time needed to complete whatever discovery the Court orders, and no more. The discovery goes to the center of the case. Defendants arrested Plaintiff on a warrant for a different woman with a different date of birth. The returns the deputies saw on their screens, the result the mobile fingerprint scanner displayed, and the information the sources supplied are the evidence of what Defendants knew and could have known. In the Tenth Circuit, officers "are charged with knowledge of any readily available exculpatory evidence that they unreasonably fail to

ascertain." *Maresca v. Bernalillo County*, 804 F.3d 1301, 1310 (10th Cir. 2015) (quotation omitted). Whether that evidence was on the deputies' screens is central to the qualified immunity question, and the records Plaintiff seeks are the best evidence of it.

The deadline cannot be met if the Court orders any of the discovery at issue. If the Court denies the motion to quash, the Sheriff's Office will need time to designate and prepare its witnesses, and the deposition will follow. If the Court grants Plaintiff's motion to compel, the production will follow and may warrant a short follow-up deposition. If Judge Kane sustains the objection, the subpoenas to CBI revive, and compliance or whatever further proceedings the ruling requires come next. None of that can be finished by November 10. A deadline that expires before the Court can rule on the discovery it governs is one that "cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240.

## II. THE REQUESTED EXTENSION IS TIED TO THE COURT'S RULINGS.

Plaintiff asks for an extension measured from the Court's rulings rather than a fixed date because a fixed date would require the Court to guess when the pending matters will be decided. A Rule 72(a) objection does not stay the order it challenges, and a party that needs relief while one is pending must ask for it by motion. *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 657 (D. Colo. 2001) ("Nothing, of course, prevents a party in an appropriate case from seeking a stay of the effect of a magistrate judge's order."). A 60-day period after the last ruling is enough to designate and prepare a Rule 30(b)(6) witness, take the deposition, obtain any compelled production, and conduct any short deposition the production warrants. The extension would be limited to

that discovery. The dispositive motion deadline should move with the cutoff so that summary judgment is briefed once, on a complete record, rather than over a properly supported Rule 56(d) request that an incomplete record may force.

If the Court prefers not to set an open-ended date, Plaintiff asks in the alternative that the Court suspend the two deadlines pending its rulings and direct the parties to file a joint status report within seven days of the last ruling proposing dates for the remaining discovery and for dispositive motions.

This is Plaintiff's second request to amend the Scheduling Order and the third amendment overall. Doc. 38; Doc. 51. The extension affects only the discovery cutoff and the dispositive motion deadline. The expert deadlines have passed, and no other dates are set.

WHEREFORE, Plaintiff respectfully requests that the Court (1) extend the discovery cutoff to 60 days after the Court resolves the last of the following: Plaintiff's Objection (Doc. 44); the Garfield County Sheriff's Office's Motion to Quash (Doc. 52); Plaintiff's Motion to Compel Compliance with Subpoena Duces Tecum (Doc. 54); and the discovery dispute between Plaintiff and Defendants (Doc. 58); (2) limit the extended period to the Rule 30(b)(6) deposition of the Sheriff's Office, compliance with any order entered on those matters, and any deposition reasonably necessitated by the records produced; (3) extend the dispositive motion deadline to 30 days after the extended discovery cutoff; and (4) in the alternative, suspend both deadlines pending those rulings

and direct the parties to file a joint status report within seven days of the last ruling proposing new dates.

Respectfully submitted this 6th day of November 2026.

s/ Zachary L. Shiffler
Zachary L. Shiffler
Raymond K. Bryant
Edward C. Hopkins Jr.
Civil Rights Litigation Group, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Phone: (720) 515-6165
zach@rightslitigation.com
raymond@rightslitigation.com
ed@rightslitigation.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Zachary L. Shiffler*
Zachary L. Shiffler