**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-01854-JLK-KAS

JENNIFER MARIE O'CONNOR,

Plaintiff,

v.

DAVID MULKEY,
NATHAN LAGIGLIA, in their individual capacities,

Defendants.

---

**GARFIELD COUNTY SHERIFF'S OFFICE REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA AND RULE 30(b)(6) DEPOSITION NOTICE OR ALTERNATIVELY FOR PROTECTIVE ORDER**

---

The Garfield County Sheriff's Office ("Sheriff's Office"), through undersigned counsel, submits this Reply in support of its Motion to Quash Subpoena and Rule 30(b)(6) Deposition Notice or Alternatively for Protective Order.

## INTRODUCTION

Plaintiff's Response confirms that the deposition notice should be narrowed. Plaintiff now construes or offers to limit several topics, agrees that the deposition may occur remotely or in Garfield County, disclaims any request for expert opinions or confidential-source identities, and proposes a five-hour limit. Those concessions underscore the central problem: the notice as served does not contain those limitations.

The Sheriff's Office does not contend that Rule 30(b)(6) discovery is categorically unavailable. It contends that these five topics, as written, require one or more nonparty designees

to prepare to testify about expansive categories of institutional information, much of which has already been produced or explored through the individual Defendants' depositions. The Sheriff's Office supported that burden with a declaration estimating 80 to 120 hours of preparation across multiple divisions. Plaintiff disputes the premises underlying that estimate but offers no evidence that preparing complete organizational testimony on the notice as written would require materially less work.

## STATEMENT OF FACTS

Plaintiff served a subpoena and Rule 30(b)(6) notice identifying five matters for examination and requiring the Sheriff's Office to designate and prepare one or more representatives. See Doc. 52-1 Sheriff's Office 30(b)(6) Subpoena. The topics encompass the arrest and incarceration, information about Plaintiff and Jennifer Elizabeth Simpson, numerous policies and practices, training across multiple subjects, and the operation, history, outputs, and reliability of fingerprint scanners. *Id.*

The Sheriff's Office has already produced approximately 3,400 pages, including arrest and detention records, training materials, records concerning Plaintiff and Jennifer Elizabeth Simpson, and policies and procedures. Plaintiff also deposed Deputies Mulkey and LaGiglia and questioned them about the arrest, identity determination, training, policies, and fingerprint scanners.

The Plaintiff's Statement of Facts omits material facts relevant to this Court's inquiry. First, the mobile fingerprint scanner result returned *both* names of "Jennifer Simpson" and "Jennifer O'Connor." Exhibit A – Deputy LaGiglia's Report, p. 2 at ¶ 7 (GC000017). Second, Deputy LaGiglia contemporaneously recorded the positive "hit" in his report that came from the information that appeared on his Mobile Data Terminal ("MDT"). *Id.*; Doc. 53-3, p.2. Third, the

Sheriff's Office has conducted its search, produced responsive records in its possession, custody or control and explained that historical MDT returns are not maintained. See Doc. 53, p. 3-4, p. 10 at ¶ 2 ("It has produced no scanner result at all, saying none was accessible on the device. Doc. 52-2 at 2.")

The Sheriff's Office's declarant estimated that preparing one or more designees on the noticed topics would require at least 80 to 120 hours. See Doc. 52-3. The relevant information is dispersed among records, professional standards, detentions, patrol, task force, and administrative personnel. Plaintiff responds that the estimate assumes unnecessary document review and employee interviews and characterizes much of the proposed preparation as an ordinary consequence of Rule 30(b)(6). However, Plaintiff concedes that it is incumbent upon the designee to have all of the information necessary to answer the topics as noticed. See Doc. 53, p. 13 at ¶ 1.

Plaintiff now explains that she seeks testimony concerning which systems the fingerprint scanner accessed, what information those systems could return, what training Deputies Mulkey and LaGiglia actually received concerning identity verification, and the identification procedures used by jail personnel. Doc. 53 at 9–10. Those are considerably narrower subjects than the Notice, which demands, among other things, "all information known to the County" concerning two individuals; all policies and practices concerning ten broad law-enforcement subjects; "all training" provided to the deputies concerning those subjects; all databases "available" to the Sheriff's Office and its deputies; and historical information regarding the use, reliability, capabilities, and outputs of multiple fingerprint-scanning devices. See Doc. 52-1 at 4–6.

Indeed, Plaintiff makes several additional narrowing representations for the first time in her Response. She states that she will not seek the identities of confidential sources during the

deposition; that questions concerning criminal investigations and warrant affidavits may be limited to identification of a warrant subject; that she does not seek scientific or expert opinions concerning fingerprint-scanner reliability; and that her proposed examination concerning the scanner is directed to specified factual matters. Doc. 53 at 10–13.

Those concessions illustrate precisely why the Sheriff's Office sought to narrow the topics during the Rule 30(b)(6) conferral process and why, at a minimum, a protective order is appropriate.

## LEGAL STANDARD

Rule 30(b)(6) requires a notice or subpoena directed to an organization to describe the matters for examination with reasonable particularity. The organization must designate one or more persons to testify about information known or reasonably available to it, and the serving party and organization must confer in good faith regarding the matters for examination. Fed. R. Civ. P. 30.

Discovery extends only to nonprivileged information that is relevant to a claim or defense and proportional to the needs of the case. Proportionality considers the importance of the issues, the amount in controversy, the parties' relative access to information and resources, the importance of the discovery in resolving the issues, and whether its burden or expense outweighs its likely benefit. Fed. R. Civ. P. 26.

The Court must limit discovery that is unreasonably cumulative or duplicative, is obtainable from a more convenient or less burdensome source or falls outside the permissible scope of discovery. Fed. R. Civ. P. 26. Trial courts have broad discretion to tailor the scope,

sequence, time, place, and manner of discovery to prevent undue burden or expense. *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998).

A party issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on the person subject to it. On timely motion, the court must quash or modify a subpoena that requires disclosure of privileged or protected material or subjects a person to undue burden. Fed. R. Civ. P. 45.

## ARGUMENT

### Plaintiff's Response Confirms that the Noticed Topics Require Modification.

Plaintiff repeatedly supplies limitations that do not appear in the Notice. She construes Topic 2 as asking only which systems the deputies could have used on July 30, 2024, rather than seeking an inventory of every historical system. She states that she will not seek confidential-source identities under Topic 3. She offers to limit portions of Topic 3 concerning criminal investigations and warrant affidavits to identification of a warrant subject. And she states that Topic 5 seeks institutional experience rather than a scientific or expert opinion.

Those representations may help define a permissible deposition, but they do not cure the Notice as served. The Sheriff's Office must prepare its witnesses based on the stated topics—not on constructions scattered throughout her Response. A Rule 30(b)(6) notice must itself describe the examination subjects with reasonable particularity. Fed. R. Civ. P. 30.

This concern is practical, not semantic. An organization's designee must testify about information known or reasonably available to the organization, even without personal knowledge. See *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co*., 497 F.3d 1135, 1146-47 (10th Cir. 2007); Fed. R. Civ. P. 30. Because the testimony may bind the organization, the scope of required

preparation must be discernable before the deposition. A court may quash a Rule 30(b)(6) notice in its current form while allowing a properly narrowed notice. *Reed v. Nellcor Puritan Bennett & Mallinckrodt*, 193 F.R.D. 689, 692 (D. Kan. 2000). The 2020 Advisory Committee Notes to Rule 30(b)(6) further support narrowing the Notice. The amendments were intended to address concerns regarding overly long or ambiguously worded examination topics and to encourage meaningful conferral concerning the appropriate scope of organizational testimony. The Advisory Committee specifically recognized that conferral can advance the proportionality objectives of Rules 1 and 26(b)(1). Here, the Sheriff's Office sought clarification and narrowing before moving for relief. Plaintiff's Response now supplies several of the very limitations the Sheriff's Office sought during that process.

The Court should evaluate the topics as written. If it permits a deposition, its order should incorporate Plaintiff's stated limitations and the additional boundaries proposed by the Sheriff's Office.

**The Notice Imposes a Disproportionate Burden on a Nonparty.**

The Response minimizes the burden by asserting that the Sheriff's Office has already collected many relevant records. But locating documents for production is not the same as preparing one or more witnesses to give complete organizational testimony about every matter encompassed by five broad topics.

Topic 3 encompasses policies, practices, procedures, and guidelines concerning criminal investigations, warrant affidavits, warrant execution, identity verification, mistaken-identity arrests, confidential sources, fingerprint scanners, motor-vehicle records, state and national law-enforcement databases, and other databases available to verify identity. Topic 4 seeks all training

provided to two deputies on substantially the same range of subjects. Topic 5 extends beyond the devices used during the incident to their historical use, reliability, outputs, meanings, capabilities, and technical differences.

Information responsive to those topics is spread across multiple divisions, and the Sheriff's Office estimates that preparation would require 80 to 120 hours. The Response does not dispute that multiple designees may be necessary, nor does it dispute that the Sheriff's Office is not a named party and that Plaintiff has not asserted an organizational liability claim against it.

Courts may excuse depositions when the burden is excessive and comparable information is available from another source. The court's discretion over discovery is particularly broad and caution is warranted where the requested material implicates sensitive institutional information. *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 647 (10th Cir. 2008). Rule 45 also requires protection of a nonparty from significant expense associated with its compelled compliance with the subpoena. Fed. R. Civ. P. 45.

Plaintiff's need for specific institutional testimony does not justify the Notice's present breadth. Any permitted deposition should be limited to facts directly connected to Plaintiff's arrest and detention on July 30 and 31, 2024, the specific identification tools used or reasonably available during that incident, and the training actually provided to Deputies Mulkey and LaGiglia on those tools before the arrest.

**Prior Discovery Narrows Any Legitimate Need for Organizational Testimony.**

Plaintiff relies heavily on *Ecclesiastes* for the proposition that the deputies' individual capacity testimony cannot substitute for organizational testimony. Doc. 53, p. 8-10. The Sheriff's Office does not dispute that general proposition; however, *Ecclesiastes* does not hold that every

organizational deposition is necessarily proportional, that duplicative organizational testimony must be permitted regardless of burden, or that the scope of a Rule 30(b)(6) deposition cannot be limited under Rules 26(c) and 45. *Ecclesiastes* was materially different. There a corporation failed to make a uniquely knowledgeable individual available as its designated corporate representative and that witness subsequently died. 497 F.3d at 1148-49. The Tenth Circuit explained that making the witness available solely in his personal capacity could not substitute for organizational testimony where he was "uniquely situated" to answer specific corporate inquiries. *Id.* That principle does not resolve the proportionality issue raised by the Sheriff's Office here.

Plaintiff deposed both deputies and questioned them about their knowledge of Plaintiff, the arrest, identification process, training, policies, and fingerprint scanners. The Sheriff's Office also produced the arrest and detention records, training logs, policies, and all records concerning Plaintiff and Jennifer Elizabeth Simpson. Plaintiff acknowledges that the production comprised approximately 3,400 pages. See Doc 53, p. 3 at ¶ 3.

The discovery rules require the Court to limit discovery that is unreasonably cumulative or duplicative or can be obtained from a more convenient or less burdensome source. Fed. R. Civ. P. 26. The Court may also narrowly tailor discovery and dictate its sequence to prevent unnecessary burden. *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998).

Even if some organizational testimony is appropriate, the examination should focus on identified gaps. The Sheriff's Office should not be required to reproduce through oral testimony the contents of materials already produced or to prepare witnesses on every subject that Plaintiff previously explored with the deputies. The Court should limit Topic 1 to institutional information not already reflected in the production and permit examination regarding previously produced

information only when necessary to clarify a specific, identified deficiency. Therefore, the Sheriff's Office requests the Court limit Topic 1 as described below.

**Topic 5 Should Be Confined to Factual Information About the Devices Used or Reasonably Available During the Incident.**

Plaintiff states that Topic 5 seeks facts about the Sheriff's Office's equipment and institutional experience rather than scientific or expert opinions. The Court should make that limitation explicit.

As written, Topic 5 asks about the scanner's historical use and reliability, every output the device can produce and its meaning, and differences in the capabilities and reliability of different scanner types. Those subjects go beyond what is necessary to determine how the mobile fingerprint scanner was used or what information was reasonably available during Plaintiff's arrest.

The topic should be limited to the make and model of the devices used or reasonably available during the arrest and booking; their operation as configured on July 30 and 31, 2024; the categories of information they displayed; the sources of that information; the identities of the persons who scanned Plaintiff's fingerprints; and any results concerning Plaintiff that remain known or reasonably available to the Sheriff's Office. It should expressly exclude expert opinions concerning technical accuracy, engineering, comparative reliability, scientific performance, or the scientific and technical knowledge of the database architecture that supports these systems.

Plaintiff's request also conflates the production of a tangible item with a compelled demonstration of its operation. Although Rule 45 permits a subpoena to command production of tangible things for inspection, Plaintiff has not established that producing a current fingerprint scanner would accurately demonstrate the information displayed by the device used on July 30, 2024. Further, Plaintiff acknowledges that the device's model or software may have changed. Doc.

53 at 13–14. Nor has Plaintiff established why testimony concerning the device's operation, available fields, and configuration would be insufficient to obtain the relevant factual information.

Requiring a nonparty law-enforcement agency to produce operational equipment and potentially arrange a demonstration involving restricted criminal justice information systems imposes a burden separate from preparing an organizational witness. Plaintiff has not demonstrated that the likely evidentiary benefit of such a demonstration justifies that additional burden. Fed. R. Civ. P. 26(b)(1) and 45(d)(3)(A)(iv). The Sheriff's Office Mobile Fingerprint Scanner Policy only allows for its use in certain delineated circumstances. See Doc. 53-3, p. 2.

**Any Permitted Examination Must Exclude Privileged Information.**

The Sheriff's Office preserved the governmental informant privilege because Topic 3 encompasses confidential informants and sources. Plaintiff now states that she will not ask the designee to identify Defendant Mulkey's sources during this deposition.

The informant privilege protects the government's ability to withhold the identity of persons supplying the government with information concerning the commission of crimes. *McCray v. Illinois*, 386 U.S. 300, 308 (1967). The privilege is qualified, but the overriding concern is the public interest in having effective enforcement of laws. The anonymity of informants encourages citizens who would otherwise not come forward to provide information to law enforcement officers. The government's interest in confidentiality must be weighed against the requesting party's demonstrated need. *Usery v. Laborers' International Union*, 547 F.2d 525, 527-528 (10th Cir. 1977). Mere speculation about the usefulness of an informant's testimony does not suffice. *Chavez v. City of Albuquerque*, 60 F. Supp. 3d 1179, 1199 (D.N.M. 2014).

The Court should incorporate Plaintiff's representation into its order and preclude questions seeking source identities or information that would tend to reveal them. Any dispute over a specific assertion of privilege can then be addressed on the record rather than through an unrestricted topic encompassing confidential sources.

**The Sheriff's Office's Proposed Conditions Are Reasonable.**

Plaintiff agrees that the deposition may occur remotely or in Garfield County and acknowledges that multiple designees may be required. The dispute therefore concerns scope, duration, and the production and newly requested demonstration of the mobile fingerprint scanner.

A three-hour examination is sufficient for the narrowed factual subjects proposed by the Sheriff's Office, particularly given the extensive written production and prior depositions. Any time limit should be applied collectively across all designees. The following suggested limitations allow the Plaintiff to obtain the genuinely institutional information she says she needs without requiring a designee to reconstruct and repeat every fact contained within all the documents produced including the arresting and responding officers' reports, and detention and booking records. The order should provide that:

1. Topic 1 is limited to institutional information concerning the Sheriff's Office's procedures and actions related to Plaintiff's arrest, booking, identity verification, and release on July 30 and 31, 2024, excluding duplicative testimony concerning the individual Defendants' personal observations, decisions, and actions except to the extent necessary to explain an identified institutional procedure or record.

2. Topic 2 is limited to information actually accessed or reasonably available to the deputies or jail personnel in connection with Plaintiff's arrest and booking on July 30 and 31, 2024.

3. Topic 3 is limited to policies and procedures in effect on July 30 and 31, 2024, governing identity verification in connection with the arrest and booking at issue, excluding confidential source identities and identifying information.

4. Topic 4 is limited to nonprivileged institutional testimony concerning training actually provided to Deputies Mulkey and LaGiglia before July 30, 2024, regarding identity verification, mistaken identity arrests, and the particular identification tools relevant to the incident.

5. Topic 5 is limited to factual information concerning the specific fingerprint devices used or reasonably available during Plaintiff's arrest and detention and excludes any expert opinions.

6. The deposition is limited to three hours of examination on the record across all designees.

7. The deposition occurs remotely or in Garfield County, at the Sheriff's Office's discretion.

8. The Sheriff's Office is not required to produce a fingerprint scanner at the deposition.

These conditions preserve narrowed discovery while avoiding the unnecessary burden imposed by the Notice as written.

## CONCLUSION AND REQUEST FOR RELIEF

The Sheriff's Office respectfully requests that the Court quash the subpoena and Rule 30(b)(6) Notice. Alternatively, the Court should enter a protective order narrowing Topics 1 through 5 as set forth above, limiting the deposition to three hours across all designees, requiring that it occur remotely or in Garfield County, excluding privileged information and expert opinions, and relieving the Sheriff's Office of any obligation to produce a fingerprint scanner.

Respectfully submitted this 16th day of November 2026.

Garfield County Attorney's Office

*/s/ Heather K. Beattie*_____________
Heather K. Beattie
County Attorney

*/s/ Graham L. Jackson*_____________
Graham L. Jackson
Assistant County Attorney

Garfield County Attorney's Office
108 8th Street, Suite 219
Glenwood Springs, CO 81601
Telephone: (970) 945-9150
Fax: (970) 384-5005
E-mail: gjackson@garfieldcountyco.gov
E-mail: hbeattie@garfieldcountyco.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026, I served the foregoing REPLY IN SUPPORT OF SHERIFF'S OFFICE MOTION TO QUASH VIA CM/ECF mail to the parties as follows:

Edward C. Hopkins Jr.
Civil Rights Litigation Group
1543 Champa Street, Suite 400
Denver, Colorado 80202
T: 720.515.6165
F: 720.465.1975
E: ed@rightslitigation.com
*Attorney for Plaintiff*

Raymond K. Bryant
Civil Rights Litigation Group
1543 Champa Street, Suite 400
Denver, Colorado 80202
T: 720.515.6165
F: 720.465.1975
E: raymond@rightslitigation.com
*Attorney for Plaintiff*

Zachary Shiffler
Civil Rights Litigation Group
1543 Champa Street, Suite 400
Denver, Colorado 80202
T: 720.515.6165
F: 720.465.1975
E: zach@rightslitigation.com
*Attorney for Plaintiff*

*/s/Danni Veals*_______________
Paralegal